UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 01-066 (MJD)

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) **ORDER OF DETENTION**
)
)
MATTHEW LEE KRUMREY, )
)
Defendant. )

This matter came before the Court on May 16, 2005, for a preliminary examination and detention hearing related to defendant Matthew Lee Krumrey's alleged violation of his supervised release. The defendant was present and represented by his attorney Virginia Villa. The United States was represented by Assistant United States Attorney Erica H. MacDonald.

At the hearing, the defendant waived his right to a preliminary examination. In addition, the parties made a joint recommendation that the defendant should be placed in a halfway house when there is an opening in an appropriate facility, as determined by U.S. Probation Officer John Rayman. Based upon the request of the parties, the Court finds that the underlying facts mandate issuance of an Order of Detention.

**FINDINGS OF FACT**

1. There is probable cause to believe that the defendant violated one or more conditions of his supervised release. There is probable

cause to believe that the defendant violated the mandatory condition that he refrain from illegal drug use by using cocaine.

2. The defendant has a criminal background, including four prior felony convictions for crimes of violence, which include: Simple Robbery, Hennepin County, MN, in or about 1986; Simple Robbery, Hennepin County, MN, in or about 1986, Bank Robbery; U.S. District Court, District of Minnesota, in 1998; and Bank Robbery, U.S. District Court, District of Minnesota, in 2001.
3. He is currently serving a term of supervised release related to his 2001 bank robbery conviction.
4. The defendant has a history of drug use.

**DISCUSSION**

Under 18 U.S.C. § 3143(a), a magistrate judge may detain a person accused of committing a violation of supervised release until the final revocation hearing. Fed. R. Crim. P. 32.1(a)(6). Pursuant to § 3143(a), the person must be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. 18 U.S.C. § 3143(a). The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6).

In this case, the Court finds that the defendant should be detained pending his final revocation hearing. The defendant has a history of drug use and there is probable cause to believe that he has

used cocaine while on supervised release. He has a lengthy criminal history, including at least four convictions for a crime of violence. His past drug use has committed to his commission of crime.

**CONCLUSION**

Based upon the evidence presented and the recommendation of the parties, the Court concludes by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if defendant is released.

Therefore,

**IT IS HEREBY ORDERED that:**

1. The motion of the United States for detention without bond is granted;

2. Defendant is committed to the custody of the Attorney General;

3. Defendant shall be placed in a halfway house when there is an opening at an appropriate facility, as determined by U.S. Probation Officer John Rayman;

4. The United States Marshals Service will be responsible for transporting the defendant from the Sherburne County Jail to the halfway house when the halfway house is designated;

5. Defendant shall be afforded reasonable opportunity to consult privately with his lawyers; and

6. Upon Order of the Court or request by the United States

Attorney, the person(s) in charge of the corrections facilities in which defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: May 27, 2005 s/Jonathan Lebedoff
JONATHAN G. LEBEDOFF
United States Magistrate Judge